JOURNAL ENTRY AND OPINION
{¶ 1} Third-party plaintiff Western Reserve Center for Orofacial and Cosmetic Surgery, Inc. (appellant) appeals the court's granting summary judgment to John F. Zak (Zak) on his counterclaim for breach of contract. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On May 31, 2006, the United States District Court for the Northern District of Ohio journalized a settlement agreement between appellant and Zak, which, in part, dismissed prior claims Zak brought against appellant concerning breach of an employment agreement. SeeJohn F. Zak v. Western Reserve Center, et al. (N.D. Ohio 2005), Case No. 1:05 CV 2596. Section 3 of this agreement is titled "Release by Western Reserve Parties," and it reads, in pertinent part, as follows:
 "The Western Reserve Parties * * * hereby covenant not to sue and forever release and discharge Zak from any claim, liability, obligation and responsibility, whether known or unknown, whether legal or equitable, whether direct or indirect and whether accrued or not yet accrued concerning any act or omission by Zak from the beginning of time through the Effective Date * * *."
 {¶ 3} On February 16, 2007, the law firm of Benesch, Friedlander, Coplan Aronoff sued appellant for $56,029.99 in unpaid legal fees that the firm accrued in 2003 and 2004. On June 5, 2007, appellant filed a third-party complaint against Zak, alleging that Zak was liable for this debt. On July 6, 2007, Zak filed a counterclaim against appellant, alleging breach of the settlement agreement.
 {¶ 4} On October 16, 2007, the court granted Zak's first summary judgment *Page 2 
motion regarding appellant's third-party claims against him alleging liability for the debt. Additionally, on January 18, 2008, the court granted Zak's second summary judgment motion regarding his counterclaim against appellant for breach of the settlement agreement and awarded damages in the amount of $4,128.75. It is from this January 18, 2008 order that appellant appeals.
 II {¶ 5} In its sole assignment of error, appellant argues that "the trial court erred in granting summary judgment in favor of appellee upon appellee's claim for attorneys' fees, where appellee's motion for summary judgment presented no basis in law or fact demonstrating that he was entitled to an award of attorneys' fees."
 {¶ 6} First, we note that appellant misrepresents Zak's counterclaim. The only allegation in Zak's counterclaim is breach of contract, specifically, breach of the settlement agreement. Additionally, the court awarded judgment to Zak in the amount of $4,128.75; the court did not award Zak attorney fees.
 {¶ 7} Accordingly, appellant's arguments that Zak failed to prove frivolous conduct or bad faith, which may be required for a court to award attorney fees, are not well taken. Additionally, appellant's arguments that the settlement agreement did not contain a provision regarding awarding attorney fees are without merit. Appellant makes no further arguments regarding its position.
 {¶ 8} Nonetheless, this case concerns a simple breach of contract claim, and we analyze it as such. "The essential elements of a cause of action for breach of *Page 3 
contract are: the existence of a contract; performance by the plaintiff; breach by the defendant; and resulting damage to the plaintiff."Castle Hill Holdings, LLC v. Al Hut, Inc., Cuyahoga App. No. 86442,2006-Ohio-1353.
 {¶ 9} In the instant case, the parties entered into a settlement agreement in May of 2006, in which Zak agreed to dismiss claims pending against appellant, which he did on May 31, 2006. In addition, appellant agreed to release Zak from liability. However, just over a year later, on June 5, 2007, appellant filed a claim against Zak, thus breaching their agreement. Zak submitted evidence of proof of damages in the amount of $4,128.75, which were the legal expenses he incurred defending himself against appellant's breach. There is neither evidence nor argument in opposition to this. Appellant's assignment of error is overruled.
 Judgment affirmed. *Page 4 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE
MARY J. BOYLE, J., CONCURS; COLLEEN CONWAY COONEY, P.J., CONCURS IN JUDGMENT ONLY *Page 1